IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

GARY ALLEN CHAPMAN )
)
v. ) NO. 2:10-0063
)
CUMBERLAND COUNTY, )
TENNESSEE, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered July 8, 2010 (Docket Entry No. 4), the Court referred this prisoner civil rights action to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the Motion for Summary Judgment of Defendants Cumberland County, Tennessee, Cumberland County Justice Center, Deborah Dixon, Regina Dixon, and Butch Burgess (Docket Entry No. 37) and the Motion for Summary Judgment of Defendant Lyall Craft (Docket Entry No. 40). The plaintiff has not filed a response to either motion.[1] Set out below is the Court's recommendation for disposition of the motions.

## I. BACKGROUND

The plaintiff filed this action pro se and in forma pauperis on July 6, 2010, seeking damages under 42 U.S.C. § 1983 for alleged violations of his civil rights. See Complaint

---

[1] By Order entered January 25, 2011 (Docket Entry No. 43), the Court advised the plaintiff of the motions and set February 28, 2011, as the deadline to file responses.

(Docket Entry No. 1).[2] The plaintiff is an inmate at the Cumberland County Justice Center ("Justice Center") in Cumberland County, Tennessee, where he has been confined since February 2010. He asserts that he suffers from mental illness for which he was prescribed various medications prior to incarceration but that he has been denied necessary medications since his confinement at the Justice Center. He alleges that he has suffered mental instability because of the lack of treatment and that his complaints to staff at the Justice Center have essentially been ignored.

By the Order of referral, process was issued to the defendants named in the complaint: Cumberland County, Tennessee ("Cumberland County"), the Justice Center, Justice Center Administrator Deborah Dixon, Physician's Assistant Lyall Craft, and Justice Center employees Regina Dixon and Butch Burgess. Upon the defendants' answers (Docket Entry Nos. 23 and 24), a scheduling order (Docket Entry No. 25) was entered which provided for a period of pre-trial discovery in the action.[3]

By their dispositive motions, the defendants argue that summary judgment should be granted to them because there are no facts supporting the plaintiff's claims and because the undisputed proof shows that the plaintiff was provided with proper and appropriate treatment for his medical needs. The individual defendants assert that they are entitled to qualified immunity from the plaintiff's damage claims. They further contend that the plaintiff has not set forth any evidence which supports a claim of municipal liability against Cumberland County and that the Justice Center is a building which cannot be sued. In support of their motions, the defendants rely on the affidavit of Lyall Craft (Docket Entry

---

[2] In his motion, Defendant Craft includes arguments for dismissal of state law medical malpractice claims. See Docket Entry No. 41, at 4-5. However, the plaintiff does not set forth state law claims in his complaint, and the Court construes the complaint to set out only claims under 42 U.S.C. § 1983.

[3] Defendant Craft's pending motion to compel (Docket Entry No. 36) is addressed in a contemporaneously entered order.

No. 40-1), who provided treatment to the plaintiff at the Justice Center, and a copy of the plaintiff's medical records from the Justice Center (Docket Entry No. 40-3).

## II. CONCLUSIONS

The defendants' motions should be granted and this action should be dismissed with prejudice.

To the extent that the Justice Center is named as a defendant in the action, the Justice Center is a building and cannot be sued under Section 1983. See Pianga v. Williamson Cnty. Jail, 2006 WL 618912 (M.D. Tenn. Mar. 10, 2006) (Echols, J.); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989).

With respect to the other named defendants, the plaintiff has not responded to the defendants' motions for summary judgment and has not supported his claim with any evidence. The defendants support their motions with affirmative evidence which shows that medical care was routinely provided to the plaintiff at the Justice Center, including regular examinations and monitoring of his condition, review of his prior medical records, laboratory blood work and urine testing, placement on suicide watch, and the consistent provision of prescription medications to him for his mental illness. See Affidavit of Craft and the plaintiff's medical records. Even when all evidence before the Court is construed in the light most favorable to the plaintiff, there is absolutely no evidence before the Court that the plaintiff's mental illness was ignored or met with indifference by staff at the Justice Center.

Based upon this unrebutted evidence, no reasonable jury could find that the plaintiff was treated with deliberate indifference to his serious medical needs as is required for a constitutional claim based on allegations that medical care has been denied to a prison inmate. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The plaintiff's personal belief

that he should have received different types of medications simply does not support a constitutional claim. See Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The lack of any facts supporting the plaintiff's underlying claim that he was denied constitutionally adequate medical care requires the dismissal of his claims.[4]

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has failed to satisfy this burden, and summary judgment should be granted to the defendants.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the Motion for Summary Judgment of Defendants Cumberland County, Tennessee, Cumberland County Justice Center, Deborah Dixon, Regina Dixon, and Butch Burgess (Docket Entry No. 37) and the Motion for Summary Judgment of Defendant Lyall Craft (Docket Entry No. 40) be GRANTED and that this action be DISMISSED WITH PREJUDICE in its entirety.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

---

[4] The Court's finding that there is no evidence that a constitutional violation occurred is sufficient to warrant dismissal of the claims against the individual plaintiff's without full analysis of the qualified immunity defense, see Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Jones v. Byrnes, 585 F.3d 971, 975 (6th Cir. 2009), and is also sufficient to support dismissal of the municipal liability claim against Cumberland County. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

      Respectfully submitted,

      _____
      JULIET GRIFFIN
      United States Magistrate Judge